THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
GERALD JOHNSON, Defendant-Appellant.

Fifth District   No. 79-213

Opinion filed December 27, 1979.

Frederick Turner, Jr., of Harrisburg, for appellant.

Walden E. Morris, State's Attorney, of Harrisburg (Raymond F. Buckley, Jr., and Stephen J. Maassen, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE KASSERMAN delivered the opinion of the court:

Defendant, Gerald Johnson, was convicted in the circuit court of Saline County of escape and was sentenced to 364 days' imprisonment. On appeal, defendant argues that it was error for him not to have been given credit on his sentence for seven months he was incarcerated before being sentenced.

Defendant was paroled in May 1977 on a prior conviction of burglary. On August 15, 1977, defendant was charged with theft and criminal damage to property; and on September 12, 1977, a parole-revocation warrant was issued based on these charges. On September 15, 1977, defendant failed to return to custody following a court appearance, at which time a criminal complaint was filed charging defendant with escape. Defendant surrendered himself to the authorities on September 16, 1977; and on September 19, 1977, defendant signed a waiver of a preliminary parole-revocation hearing on the charges of theft and criminal damage to property, which waiver also included the subsequent charge of escape. On the same day defendant was returned to Menard,

where he remained pending a parole-revocation hearing. On February 8, 1978, defendant was tried in the circuit court for the offense of escape, and the trial resulted in a hung jury. In March 1978, the theft and criminal damage charges were dismissed.

In April 1978, the Prisoner Review Board, after considering that the theft and criminal damage to property charges had been dismissed and the escape trial had resulted in a hung jury, returned defendant to the Saline County jail, where he was released on a recognizance bond on the escape charge. No parole-revocation hearing was held and defendant remained on parole on his prior burglary conviction. Defendant was tried again for the charge of escape on January 24, 1979, and was convicted. On February 14, 1979, defendant was sentenced to 364 days' imprisonment with no credit for time served.

Defendant contends that pursuant to section 5—8—7(b) of the Unified Code of Corrections (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—8—7(b)) he is entitled to seven months' credit against his 364-day escape sentence based on his incarceration awaiting his parole-revocation hearing. Section 5—8—7(b) of the Unified Code of Corrections provides as follows:

> "The offender shall be given credit on the determinate sentence or maximum term and the minimum period of imprisonment for time spent in custody as a result of the offense for which the sentence was imposed, at the rate specified in section 3—6—3 of this Code [Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1003—6—3]." (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—8—7(b).)

The question presented by this appeal, therefore, is whether the seven months defendant was incarcerated should be considered as "time spent in custody as a result of the offense for which the sentence was imposed."

At the sentencing hearing the trial judge made the following comments:

> "The court having heard the testimony in court this morning and having reviewed the pre-sentence report filed by Richard Vandenboom on February 9, 1979, is cognizant of the fact that there is apparently some problem with respect to whether or not the defendant should be given credit for time served as a result of his incarceration on a parole violation warrant with the Illinois Department of Corrections. The court is of the opinion that the time served with respect to the parole violation had to do with theft and criminal damage to property charge and entirely unrelated to the escape charge. Having that in mind, the court is of the opinion that he should be given no credit for time served on that particular charge."

Defendant contends that the trial court erred in considering that the sole

basis for defendant's being incarcerated on September 16, 1977, and until April 1978 was the fact that the theft and criminal damage to property charges were pending against him. It is defendant's contention that the waiver of the preliminary parole-violation hearing included the subsequent offense of escape along with the other charges and that, therefore, he was being incarcerated for the instant charge of escape as well as the other two offenses of theft and criminal damage to property.

The record indicates that the basis of defendant's incarceration from September 16, 1977, to April 1978 was a parole-revocation warrant issued on September 12, 1977, specifying that defendant had violated his parole in that he had been charged with theft and criminal damage to property. His arrest was not and could not have been for the purpose of holding him for hearing for an escape which was yet to occur. Defendant was charged with two instances of parole violation and would have been incarcerated at that time pending a parole revocation hearing regardless of the escape incident. The fact that the waiver of the preliminary parole-violation hearing signed by defendant included the charge of escape as well as the two other offenses is not controlling since the parole-violation warrant charged only theft and criminal damage to property.

When the theft and criminal damage charges were dismissed, defendant was promptly returned to the Saline County jail where he was released on a recognizance bond on the escape charge. Defendant was not again incarcerated until he was sentenced on the escape charge in February 1979. Therefore, the defendant was incarcerated from September 16, 1977, to April 1978 as a result of the parole-revocation proceedings, and the trial judge correctly refused to credit those seven months against defendant's escape sentence.

A comparable situation was presented to the court in *People v. Vahle* (1978), 60 Ill. App. 3d 391, 376 N.E.2d 766, where defendant was placed on probation for one conviction and while on probation committed a second offense. The *Vahle* court denied defendant credit against his sentence on the second offense for time spent in jail awaiting his probation-revocation hearing. The court there noted that defendant had been free on bond on the second offense and would have continued free on bond if he had not been reincarcerated for violating the terms of his probation for the earlier offense. In the instant case, defendant was incarcerated for violations of his parole and then released on bond on the subsequent charges, while in *Vahle* the sequence of events was reversed. We do not think this is a significant distinction, however. The fact remains that each defendant was immediately released on bond when the charge pending against him consisted solely of the offense of which he was subsequently convicted. Thus, the defendant in this cause cannot be said to have spent the seven-month period in question in custody "as a result of

the offense" for which his sentence was imposed. To the contrary, defendant was released on his own recognizance as soon as the charges for which he was being held as a basis for parole violation were dismissed.

For the foregoing reasons, the judgment of the circuit court of Saline County is affirmed.

Affirmed.

JONES, P. J., and KARNS, J., concur.